1
2
3
4                           UNITED STATES DISTRICT COURT
5                              DISTRICT OF NEVADA
6                                      * * *
7    JOVANNY MAYORGA,                              Case No. 2:21-CV-2105 JCM (NJK)
8                         Plaintiff(s),                        ORDER
9         v.
10   DIET CENTER LLC,
11                        Defendant(s).

12

13       Presently before the court is defendant Diet Center LLC's ("Diet Center") motion to
14   dismiss plaintiff Jovanny Mayorga's ("Mayorga") complaint.  (ECF No. 10).  Mayorga filed a
15   response (ECF No. 14), to which Diet Center replied (ECF No. 16).
16   **I.     Background**
17       This action arises out of an employment discrimination dispute in which Mayorga alleges
18   that Diet Center, via its non-party agent, harassed him, discriminated against him, and caused his
19   constructive discharge because of his sex and sexual orientation.
20       On September 15, 2019, Diet Center hired Mayorga, a homosexual male, to work as a
21   host in its restaurant, the Heart Attack Grill.  On October 29, 2019, Mayorga reported to his shift
22   without his hat, a required uniform item.  Diet Center's agent then sent a text message to several
23   employees of Diet Center requesting information as to why Mayorga was out of uniform.
24       According to Mayorga, another employee responded to the text claiming that Mayorga
25   accidentally forgot his hat and that a plan was in place to prevent it from happening again.
26   Mayorga alleges that Diet Center's agent responded to the employee by saying, "the little faggot
27   doesn't like to wear the hat" and "no more Giovani [sic]."  (ECF No. 6-2 at 21–22).  Mayorga
28   further alleges that he was constructively discharged the following day.

**James C. Mahan**
**U.S. District Judge**

On January 29, 2020, Mayorga filed an employment discrimination complaint with the Nevada Equal Rights Commission ("NERC").  On August 21, 2021, Mayorga filed a charge of discrimination with the NERC.  On September 28, 2021, the NERC issued Mayorga a notice of right to sue under Nevada state law.  On September 29, 2021, the Equal Employment Opportunity Commission issued Mayorga a notice of right to sue under federal law.

On October 15, 2021, Mayorga filed his complaint in state court alleging two causes of action: (1) sex discrimination/harassment pursuant to Title VII 42 U.S.C § 2000e *et seq.* and Nevada Revised Statute ("NRS") § 613.330, and (2) negligent hiring, training, and supervision.  Diet Center timely removed to this court on November 25, 2021, and now moves to dismiss Mayorga's complaint against it.

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

During the motion to dismiss phase of an employment discrimination action, Federal Rule of Civil Procedure 8(a) applies to pleading standards, not the *McDonnel Douglas* framework. *See Austin v. Univ. of Or.*, 925 F.3d 1133, 1135–36 (9th Cir. 2019) ("The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002))); *see also Drevaleva v. Dep't of Veterans Affairs*, 835 F. App'x 221, 223 (9th Cir. 2020).

## III.    Discussion

Under the *Twombly/Iqbal* standard, a plaintiff must assert a plausible claim for relief. This means that the plaintiff's complaint must plausibly allege facts which, if uncontroverted,

James C. Mahan
U.S. District Judge

- 3 -

1    satisfy the necessary elements of the claims upon which he seeks relief.  Diet Center argues that

2    Mayorga's complaint fails under this standard because it does not plausibly allege a cognizable

3    claim under Title VII.  The court agrees.

4          Mayorga's first claim is "sex discrimination/harassment," but discrimination on the basis

5    of sex can take many forms and has several cognizable legal theories.  While sexual harassment

6    falls under the umbrella of discrimination on the basis of sex and is therefore prohibited under

7    Title VII, it has several subcategories which are legally actionable and have unique and

8    distinguishable elements.  *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986).  For

9    example, a claim for sexual harassment could survive on a theory of quid pro quo harassment;

10   harassment amounting to a hostile work environment; retaliatory harassment; and constructive

11   discharge.  *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 752 (1998); *see also*

12   *Pennsylvania State Police v. Suders*, 542 U.S. 129, 134 (2004).

13         Here, Mayorga alleges that he was subjected to severe and pervasive harassment,

14   constructively discharged, and subjected to a sexually hostile work environment where the

15   sexual conduct was sufficiently severe or pervasive that it altered the compensation, terms,

16   conditions, and privileges of his employment.  (ECF No. 6-2 at 7–8).

17         This type of birdshot-pleading—listing conclusory allegations regarding elements of

18   various cognizable claims under Title VII's "on the basis of sex" banner—neither states a

19   specific plausible claim for relief nor gives fair notice to Diet Center as to what it is being sued

20   for.  *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  To the extent that Mayorga does

21   allege specific theories, his allegations—*e.g.*, that Diet Center's conduct "was so severe and

22   pervasive that it was frequent, humiliating, and interfered with [his] ability to work"—are just

23   conclusory recitations of the elements of those claims.  Therefore, Mayorga's first claim for

24   relief under Title VII is dismissed.

25         Similarly, Mayorga fails to allege non-conclusory facts to sustain his state law claim for

26   negligent hiring, training, and supervision.  Therefore, the court dismisses Mayorga's complaint

27   in its entirety.

28   . . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

1

**IV.     Conclusion**

2          Accordingly,

3          IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Diet Center's motion to

4   dismiss (ECF No. 10) be, and the same hereby is, GRANTED.   Mayorga's complaint is

5   DISMISSED, without prejudice.  The court grants Mayorga leave to amend his complaint within

6   21 days of the date of this order.  If Mayorga does not amend by that time, the clerk is instructed

7   to close this case accordingly.

8          DATED June 28, 2022.

9

10                                                  UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 5 -