UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOVANNY MAYORGA, | Case No. 2:21-CV-2105 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| DIET CENTER LLC, | |
| Defendant(s). | |

Presently before the court is defendant Diet Center LLC's motion for summary judgment. (ECF No. 32). Plaintiff Jovanny Mayorga filed a response (ECF No. 36), to which defendant replied (ECF No 37).

**I.   Background**

This is matter arises from alleged employment discrimination. There is no genuine dispute over the following facts. On September 15, 2019, defendant hired plaintiff, a homosexual male, to work as a host in its restaurant, the Heart Attack Grill. (ECF No. 32-2 at 12). On October 29, 2019, defendant reported to his shift without his hat, a required uniform item. (ECF No. 32-5). The next morning, Jon Basso, defendant's owner, then sent a text message to several other employees requesting an explanation as to why plaintiff was out of uniform. (*Id.*)

Another employee responded to the text claiming that plaintiff accidentally forgot his hat and that a plan was in place to prevent it from happening again. (*Id.*) Basso then responded to the employee by saying, "the little faggot doesn't like to wear the hat" and "no more Giovani [sic]." (*Id.*). The parties dispute whether this text message was a misspelling of plaintiff's name and served as a termination, or if it referred only to what Basso perceived as plaintiff's stage

**James C. Mahan**
**U.S. District Judge**

persona "Giovani." According to plaintiff, he was terminated by this message. (ECF No. 36 at 9). According to later text messages, defendant, through Basso, believed that plaintiff resigned his employment. (ECF No. 32-5 at 17).

On January 29, 2020, plaintiff filed an employment discrimination complaint with the Nevada Equal Rights Commission ("NERC") indicating he was "forced to resign". (ECF No. 32-7). On August 21, 2021, plaintiff filed a charge of discrimination with the NERC indicating he "performed [his] duties satisfactorily and remained in [his] position until [his] constructive discharge on October 31, 2019." (ECF No. 32-7). On September 28, 2021, the NERC issued plaintiff a notice of right to sue under Nevada state law. (ECF No. 26-2). On September 29, 2021, the Equal Employment Opportunity Commission issued plaintiff a notice of right to sue under federal law. (ECF No. 26-3).

On October 15, 2021, plaintiff filed his complaint in state court alleging two causes of action: (1) sex discrimination/harassment pursuant to Title VII 42 U.S.C § 2000e *et seq.* and Nevada Revised Statute ("NRS") § 613.330, and (2) negligent hiring, training, and supervision. Diet Center timely removed to this court on November 25, 2021.

This court later dismissed the complaint for failure to state a claim. (ECF No. 24). Following filing of an amended complaint bringing the same claims but removing all references to the "constructive discharge" (ECF No. 26), defendant now moves for summary judgment.

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to

**James C. Mahan**
**U.S. District Judge**

- 2 -

be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

1    At summary judgment, a court's function is not to weigh the evidence and determine the
2 truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby*,
3 *Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all
4 justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the
5 nonmoving party is merely colorable or is not significantly probative, summary judgment may be
6 granted. *See id.* at 249–50.

7    The Ninth Circuit has held that information contained in an inadmissible form may still
8 be considered for summary judgment if the information itself would be admissible at trial.
9 *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253
10 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily
11 have to produce evidence in a form that would be admissible at trial, as long as the party satisfies
12 the requirements of Federal Rules of Civil Procedure 56.")).

13  **III.  Discussion**

14    In evaluating both discrimination and retaliation claims under Title VII, courts use the
15 *McDonnell Douglas* burden-shifting framework. *Hawn v. Executive Jet Mgmt.*, *Inc.*, 615 F.3d
16 1151, 1156 (9th Cir. 2010); *see also Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018,
17 1034-35 (9th Cir. 2006). Under this analysis, plaintiffs must first establish a prima facie case of
18 employment discrimination. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168 (9th Cir. 2007). To
19 establish a *prima facie* claim of discrimination, a plaintiff must present evidence giving rise to
20 the inference that (1) he is a member of a protected class; (2) he performed his job satisfactorily;
21 (3) he suffered an adverse employment action; and (4) the employer treated him differently than
22 similarly situated individuals who do not belong to the same protected class. *Leong v. Potter*, 347
23 F.3d 1117, 1124 (9th Cir. 2003). *See Snead v. Metropolitan Property & Cas. Ins. Co.*, 237 F.3d
24 1080, 1091 (9th Cir. 2001) ("Making a *prima facie* showing of employment discrimination is not
25 an onerous burden.") (italics added).

26    However, the *McDonnell-Douglas* framework is unnecessary when plaintiff provides
27 direct evidence "suggesting that the 'employment decision was based on a discriminatory

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

criterion illegal under the [Civil Rights] Act.'" *Cordova v. State Farm Ins. Cos.* (quoting *Int'l Brotherhood of Teamsters v. US*, 431 U.S. 324, 358 (1977)) (alteration in original).

If plaintiff establishes a *prima facie* case, "the burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Hawn*, 615 F.3d at 1156. If defendant meets this burden, plaintiffs must then raise a triable issue of material fact as to whether the defendant's proffered reasons for their terminations are mere pretext for unlawful discrimination. *Noyes*, 488 F.3d at 1168.

Pretext may be shown either indirectly, by showing the employer's proffered explanation in unworthy of credence because it is internally inconsistent or otherwise not believable, or directly, by showing that unlawful discrimination more likely motivated the employer. *Lyons v. England*, 307 F.3d 1092, 1113 (9th Cir. 2002). Circumstantial evidence must be specific and substantial. *Id.*

The purported discrimination comes down to one incident—the text message. Essentially, the parties dispute whether Basso's language in that text (1) terminated plaintiff and (2) rises to an actionable claim for discrimination. However, the court need not reach the second contention.

Plaintiff's amended complaint alleges that the purported discrimination was his "termination." (ECF No. 26 at 5–6). The court interprets removal of the constructive discharge allegations in his first amended complaint (and their replacement with "terminated") as an abandonment of that argument. *Compare* (ECF No. 6-2 at 5) (original complaint referencing a "constructive discharge") *with* (ECF No. 26 at 5) (amended complaint using "terminate").

While the court agrees with plaintiff that the text message in question contained a deeply offensive slur, plaintiff has pled himself out of relief. What remains is an operative complaint that alleges plaintiff was terminated, but evidence showing that he was not. Plaintiff marked on his EEOC complaint that he was "forced to resign" and his charge of discrimination states he was "constructively discharged." (ECF No. 32-7). Even considering the Ninth Circuit's admonition that allegations in EEOC documents should be construed liberally, *see Green v. Los Angeles Cnty. Superintendent of Sch.,* 883 F.2d 1472, 1476 (9th Cir. 1989), plaintiff's own

1  testimony in his deposition after these proceedings began indicates the same; he admits that he
2  was constructively discharged, not terminated outright.  (ECF No. 32-2 at 8–9).

3        There is no genuine dispute of material fact regarding the discrimination claim.  Plaintiff
4  admits that he resigned his employment, yet he pursues relief on only the theory that he was
5  terminated.  Even though summary judgment is typically not appropriate in Title VII cases, *see*
6  *Chuang v. Univ. of California Davis, Bd. of Trustees,* 225 F.3d 1115, 1124 (9th Cir. 2000), it is
7  warranted here because plaintiff has implicitly disclaimed the only theory that might entitle him
8  to relief.  Defendant's motion is thus GRANTED as to the Title VII claim.

9        Second, plaintiff's claim for the tort negligent hiring, training, and supervision is
10  preempted and summary judgment is appropriate.  "The Nevada Supreme Court has consistently
11  found that NRS 613.330 preempts tort claims premised on illegal employment practices." *Levy*
12  *v. Mandalay Corp.*, No. 2:14-CV-01636-GMN-NJK, 2015 WL 3629633 (D. Nev. June 10, 2015)
13  (citing *Sands Regent v. Valgardson*, 777 P.2d 898, 900 (Nev. 1989); *D'Angelo v. Gardner*, 819
14  P.2d 206, 217 n.10 (1991)); *see also Evans v. Valley Elec. Ass'n, Inc.*, No. 2:20-cv-000986-ART-
15  VCF, 2023 WL 184124, at *15 (D. Nev. Jan. 13, 2023).

16        Plaintiff's claim here is based on the same conduct underlying the discrimination claim—
17  the text message.  There is not a separate tort injury giving rise to the claim, nor does plaintiff
18  point to any specific facts supporting this claim.  Thus, the claim is preempted under Nevada
19  law, and summary judgment is appropriate.

20  **IV.  Conclusion**
21        Accordingly,
22        IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for
23  summary judgment (ECF No. 32) be, and the same hereby is, GRANTED.
24        The clerk is instructed to enter judgment in favor of defendant and close the case.
25        DATED April 24, 2023.

                                                                    UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**