**FILED**

APR 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JOVANNY MAYORGA, | No.   23-15807 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-02105-JCM-NJK |
| v. | |
| DIET CENTER LLC, DBA Heart Attack Grill, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted April 9, 2024**
Pasadena, California

Before: MURGUIA, Chief Judge, and MENDOZA and DE ALBA, Circuit Judges.

Jovanny Mayorga appeals from the district court's grant of summary judgment in favor of Diet Center, LLC, d/b/a Heart Attack Grill ("HAG") in his

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

employment discrimination action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *John Doe 1 v. Abbott Lab'ys*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

    1.    Even though the First Amended Complaint ("FAC") alleges that HAG "terminated" Mayorga, the allegations of constructive discharge are apparent on the face of the FAC. Accordingly, the district court erred by failing to recognize that Mayorga was alleging constructive discharge due to a hostile work environment and by granting summary judgment under a termination theory. *Pa. State Police v. Suders*, 542 U.S. 129, 139 n.5 (2004) (summarizing the appeals court's holding that the district court erred in failing to recognize that the plaintiff had stated a claim of constructive discharge due to the hostile work environment where the allegations of constructive discharge were apparent on the face of the plaintiff's pleading); *see also Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1110 (9th Cir. 1998) (explaining that "[c]onstructive discharge is, indeed, just one form of wrongful discharge" because "[t]he fact that the actual act of terminating employment is initiated by the employee, who concludes that she is compelled to leave as a result of the employer's actions, rather than by the employer directly does not change the fact that the employee has been discharged").

The use of the slur was reprehensible. Even so, summary judgment was still appropriate. For a single incident of harassment to support a claim of hostile work

environment, "it must be extremely severe." *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 648 (9th Cir. 2021) (citation and internal quotation marks omitted). The conduct alleged here is neither as severe nor as pervasive as compared to other cases where an employer's actions were deemed insufficient to create a hostile work environment. *See, e.g.*, *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1110–11 (9th Cir. 2000) (finding no hostile work environment where the supervisor referred to females as "castrating bitches," "Madonnas," or "Regina" in front of plaintiff on several occasions and directly called plaintiff "Medea"); *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798–99 (9th Cir. 2003) (finding that the actions of co-workers generally fell "into the simple teasing and offhand comments category of non-actionable discrimination" and therefore no hostile work environment where co-workers mocked plaintiff for mispronouncing a word and "pulled their eyes back with their fingers in an attempt to imitate or mock the appearance of Asians" but such actions were directed at plaintiff only on a couple of occasions); *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642–43 (9th Cir. 2003) (finding no hostile environment discrimination where the employee was told that he had "a typical Hispanic macho attitude," that he should work in the field because "Hispanics do good in the field" and where he was yelled at in front of others).

Having failed to sufficiently allege a hostile work environment claim, Mayorga also cannot sufficiently establish "the *graver* claim of hostile-

3

environment constructive discharge." *Suders*, 542 U.S. at 149. Because we may affirm on any ground supported by the record, *Cruz v. Nat'l Steel & Shipbuilding Co.*, 910 F.3d 1263, 1270 (9th Cir. 2018), we conclude summary judgment was still appropriate on Mayorga's Title VII employment discrimination claim.

2. The district court did not err in determining that Mayorga's negligent hiring, training, and supervision claim was preempted. "The Supreme Court of Nevada has recognized that NRS § 613.330 'provides the exclusive remedy for tort claims premised on illegal employment practices.'" *Doe No. 1 v. Wynn Resorts, Ltd.*, No. 2:19-cv-1904, 2023 WL 1782439, at *18 (D. Nev. Feb. 3, 2023) (quoting *Williams v. Aria Resort & Casino, LLC*, No. 2:17-cv-1484-JCM-VCF, 2019 WL 2716765, at *8 (D. Nev. June 28, 2019) (collecting cases)). Here, Mayorga's claim is based on the same allegations underlying his Title VII discrimination claim, so it is preempted, *id.*, and the district court's grant of summary judgment on this claim is affirmed.

**AFFIRMED.**